UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: ) | | |
| DAVID WAYNE SMITH AND ) | CASE NO. 12-41260 | |
| RHONDA ANNE SMITH ) | | |
| DEBTORS ) | CHAPTER 13 | |
| ) | | |

| | | |
|---|---|---|
| DAVID WAYNE SMITH ) | | |
| RHONDA ANNE SMITH ) | | |
| ) | | |
| PLAINTIFFS ) | A.P. NO. 13-4009 | |
| VS. ) | | |
| ) | | |
| US BANK NATIONAL ASSOCIATION, AS ) | | |
| TRUSTEE FOR THE C-BASS MORTGAGE ) | | |
| LOAN ASSET-BACKED CERTIFICATES, ) | | |
| SERIES 2006-RP2 AND ) | | |
| ) | | |
| OCWEN LOAN SERVICING, LLC ) | | |
| ) | | |
| DEFENDANTS ) | | |
| _____ ) | | |

**MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding comes before the Court on the Motion for Summary Judgment filed by Plaintiffs David Wayne Smith and Rhonda Anne Smith (hereinafter "Plaintiffs") and the Response to Motion for Summary Judgment and Cross-Motion for Summary Judgment filed by Ocwen Loan Servicing, LLC and U.S. Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-RP2 ("Defendants"). As discussed in further detail below, upon consideration of the summary judgment motions, the responses, and the record in the main bankruptcy case, the Court holds that this adversary proceeding should be dismissed *without prejudice*.

On October 15, 2012, Plaintiffs filed for bankruptcy under Chapter 13 of Title 11 of the

Federal Bankruptcy Code. Under the Chapter 13 plan, Plaintiffs have treated Defendants' claims as general unsecured claims to be paid as a pro rata distribution along with the other similarly situated creditors. On February 5, 2013, the Plaintiffs initiated this adversary against the Defendants seeking to avoid the security interest in real property pursuant to 11 U.S.C. § 544. The Plaintiffs did not request or receive permission to initiate this § 544 avoidance action in the main bankruptcy case.

The Plaintiffs have now filed for summary judgment. The Plaintiffs argue that due to the Defendants' failure to record a mortgage in Union County, Kentucky, the mortgage is not properly in the chain of title and, pursuant to § 544, any unperfected security interest the Defendants claim in the property may be avoided by the trustee or the Debtors by exercising the trustee's avoidance powers. The Plaintiffs assert that any claim filed by the Defendants should be treated as a general unsecured claim to be paid as a pro rata distribution along with the other similar situated creditors.

The Defendants oppose summary judgment and seek their own summary judgment, arguing a variety of theories. As they did in the answer, the Defendants also challenge the Plaintiffs' standing to bring this action under § 544. The Defendants contend that only a trustee may bring an action under § 544, and that the Plaintiffs, as Chapter 13 Debtors, have not been granted derivative standing to pursue this action in the trustee's stead.

Before the Court can address the substantive issues raised in the complaint and summary judgment motions, it must first address the standing issue raised by the Defendants. The Plaintiffs' standing is a threshold issue: if the Defendants' argument is successful, then this Court must dismiss this action. Pursuant to § 103(a), Chapter 5 of the Code is incorporated into Chapter 13. As a result, § 544 is applicable to Chapter 13 cases and provides in relevant part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the

>rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
>(1) A creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; ...
>
>... or
>
>(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(1) and (3).  Section 544(a) allows a trustee to avoid a transfer of real property as "a hypothetical bona fide purchaser as of the commencement of the case."  Gemini Servs., Inc. v. Mortgage Elec. Regis. Sys., Inc. (In re Gemini Servs., Inc.), 350 B.R. 74, 81 (Bankr. S.D. Ohio 2006), citing Kovacs v. First Union Home Equity Bank ( In re Huffman), 408 F.3d 290, 293 (6th Cir. 2005); Geygan v. World Savings Bank ( In re Nolan), 383 B.R. 391, 397 (B.A.P. 6th Cir.2008).

By its very terms, the statute's "strong-arm" powers are limited to trustees.  Nevertheless the issue of whether these strong-arm powers may be utilized by parties other than the trustee has arisen.  There is a split of opinion on whether Chapter 13 debtors may exercise these powers.

One line of cases hold that Chapter 13 debtors may not use these powers.  These courts emphasize a lack of specific statutory authority authorizing debtors to use these powers.  See In re Lee, 432 B.R. 212, 215 (D.S.C. 2010); Funches v. Household Fin. Consumer Discount Co. (In re Funches), 381 B.R. 471,496 (Bankr. E.D. Pa. 2008); In re Binghi, 299 B.R. 300 (Bankr. S.D.N.Y. 2003); Holcombe v. Debis Financial Servs., Inc. (In re Holcombe), 284 B.R. 141, 145(Bankr. N.D. Ala. 2001); In re Driver, 133 B.R. 476, 478 (Bankr. S.D. Ind. 1991) (standing Chapter 13 trustee,

not the debtor, holds the lien avoiding powers).

A number of courts go the other way on this issue and have found that Chapter 13 debtors may use these strong-arm powers. See Houston v. Eifler (In re Cohen), 305 B.R. 886 (B.A.P. 9th Cir. 2004) (extended discussion of why Chapter 13 debtor has § 544 avoidance powers); Countrywide Home Loans v. Dickson (In re Dickson), 427 B.R. 399 (B.A.P. 6th Cir. 2010), aff'd on other grounds, 655 F.3d 585, 593(6th Cir. 2011); In re Bonner, 206 B.R. 387 (Bankr. E.D. Va. 1997) (Chapter 13 debtor or trustee may exercise the avoidance powers); Freeman v. Eli Lilly Fed. Credit Union (In re Freeman), 72 B.R. 850, 854 (Bankr. E.D. Va. 1987); Ottaviano v. Sorokin & Sorokin (In re Ottaviano), 68 B.R. 238, 240 (Bankr. D. Conn. 1986).

Upon consideration of this issue, and after much deliberation, the Court believes the better approach is the one used by courts allowing Chapter 13 debtors to use these powers. All of the policy reasons set forth in BAP Dickson case and the Cohen case compel the Court to conclude that making these powers available to Chapter 13 debtors is the proper approach to this issue. The Court understands this approach may be at odds with a strict construction approach taken to statutory provisions in the Bankruptcy Code, see Law v. Siegel, —— U.S. ——, at ——, 134 S.Ct. 1188, —— L.Ed.2d ——, at ——, (2014), but believes the policy considerations outweigh a more technical approach. See also Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 4–5, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (creditor sought to assert a claim under § 506(c), which authorized the "trustee" to assert certain claims. The Court held that the creditor could not use § 506(c)).

This decision, however, does not end this case. Even though this Court believes Chapter 13 debtors should be able to utilize a trustee's strong-arm powers, the Plaintiffs in this case never

4

requested derivative standing to pursue this action in the trustee's stead. Upon review of the cases allowing Chapter 13 debtors derivative standing to use the trustee's powers, the debtors either requested permission or were granted permission by the bankruptcy court to pursue the matter. Countrywide Home Loans v. Dickson (In re Dickson), 427 B.R. 399 (B.A.P. 6th Cir. 2010), aff'd on other grounds, 655 F.3d 585, 593(6th Cir. 2011) (bankruptcy court issued an order granting the trustee thirty days in which to file an adversary proceeding and further ordered that if the trustee did not file such an adversary proceeding, the debtor would then have an additional fifteen days to do so). As the Eight Circuit BAP held in In re Racing Services, Inc., 363 B.R. 911,916 (8th Cir. BAP 2007), at "a minimum, prior court approval is required for a [another] to assert an avoidance action. Without prior approval, derivative standing does not exist." (Citations omitted).

In this case, the Plaintiffs did not request derivative standing prior to filing this suit. As such, they do not have standing to pursue this action. Consequently, the Court must dismiss this adversary proceeding *without prejudice*. Should the Plaintiffs still wish to pursue this matter, they should file a motion in their main bankruptcy case asking to be granted derivative standing to pursue this § 544 avoidance action. This motion should show: (1) that the debtors seek permission to initiate an adversary proceeding; (2) that the debtors petitioned the Chapter 13 Trustee to bring the claims; (3) that the trustee refused or consented; and (4) that the claims are colorable. Upon the filing of such motion, it will be noticed for objection, and absent an objection by the Chapter 13 Trustee, and upon good cause shown, the Court will grant the motion. Then, and only then, may the Plaintiffs utilize the trustee's strong-arm powers to bring this litigation.

To conclude, because the Plaintiffs failed to seek and obtain prior permission to initiate this avoidance action, they lack standing to utilize the Chapter 13 Trustee's avoidance powers.

5

Consequently, the Court cannot consider the merits of this action and must dismiss this adversary proceeding. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: April 10, 2014

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| David Wayne Smith and | ) | CASE No. 12-41260 |
| Rhonda Anne Smith | ) | |
|                 Debtors | ) | Chapter 13 |
| | ) | |
| David Wayne Smith | ) | |
| Rhonda Anne Smith | ) | |
| | ) | |
|                 Plaintiffs | ) | A.P. No. 13-4009 |
| VS. | ) | |
| | ) | |
| US Bank National Association, as Trustee for the | ) | |
| C-Bass Mortgage Loan Asset-Backed Certificates, | ) | |
| Series 2006-RP2 and | ) | |
| | ) | |
| Ocwen Loan Servicing, LLC | ) | |
| | ) | |
|                 Defendants | ) | |
| _____ | ) | |

**ORDER**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** that this adversary proceeding is **DISMISSED**, *without prejudice* to being refiled if derivative standing is granted upon proper motion.

Alan C. Stout
United States Bankruptcy Judge

Dated: April 10, 2014